983 F.2d 1085
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AL-SITE CORP., Plaintiff/Third Party Plaintiff-Petitioner,
v.
COSTCO WHOLESALE CORPORATION, Defendant,
v.
The BONNEAU COMPANY, Third Party Defendant-Respondent.
 Misc. No. 342.
 United States Court of Appeals, Federal Circuit.
 Oct. 14, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Al-Site Corp. (Al-Site) petitions for permission to appeal the orders certified by the United States District Court for the Central District of California as orders involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b), (c). The Bonneau Company (Bonneau) does not oppose the petition.
 
 BACKGROUND
 
 2
 Al-Site sued Costco Wholesale Corporation (Costco) for infringement of its patent directed to hangers for displaying eyeglasses. Costco impleaded Bonneau as the supplier of the allegedly infringing products. Al-Site filed a third-party complaint against Bonneau for infringement of the patent. Al-Site and Costco have settled and only Al-Site's patent infringement suit against Bonneau remains.
 
 
 3
 Al-Site alleges that two devices infringe the claims of its patent. Al-Site and Bonneau have stipulated that making, using or selling Bonneau's first generation hanger would infringe Al-Site's patent. The issues of patent validity, enforceability and damages still remain as to the first generation hanger. As to its second generation hanger (the slide hook), Bonneau moved for partial summary judgment of noninfringement. The district court granted Bonneau's motion, finding that the slide hook did not infringe the claims of Al-Site's patent literally or under the doctrine of equivalents. The district court subsequently denied Al-Site's motion for reconsideration and granted Al-Site's motion for certification pursuant to 28 U.S.C. § 1292(b).* The district court "concede[d] that there may be sufficient difference of opinion to warrant certification of the issue of infringement" and requested the parties to frame the issue. Thereafter, the parties presented the following question that the district court adopted:
 
 
 4
 Did the District Court in its Orders and Opinions of April 20 and May 26, 1992 granting partial summary judgment of non-infringement to third-party defendant correctly interpret and apply the law with respect to the structural equivalents section of paragraph 6, section 112 of Title 35 and correctly interpret and apply the law with respect to the doctrine of equivalents?
 
 DISCUSSION
 
 5
 The orders that Al-Site seeks to have reviewed do not encompass a "controlling question of law" and are not appropriate for immediate appeal pursuant to § 1292(b), (c). The finding of noninfringement in this case revolved around the specific facts of this case, the claim language at issue, the specification, and so forth. There is no question of law that would be of general interest. Rather, Al-Site seeks review of that portion of the case that has been decided adversely to it. Given the limited applicability of the question and its connection with the facts of this case, we do not consider this question appropriate for immediate review.
 
 
 6
 Accordingly, we decline to exercise our discretionary jurisdiction in this case. The issues involved here can be presented, if appropriate, on review after final judgment.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 Al-Site's petition for permission to appeal is denied.
 
 
 
 *
 Bonneau suggested to the District Court that it enter a final judgment pursuant to Fed.R.Civ.P. 54(b). The District Court chose to grant certification pursuant to 28 U.S.C. § 1292(b). Absent the certification required by Fed.R.Civ.P. 54(b), we refuse to treat the district court's order as a final judgment